UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Associated Commercial Finance, Inc.                      Civil No. 04-5111 (JMR/FLN)

       Plaintiff,

   v.                                                   **REPORT AND RECOMMENDATION**

Brady Martz & Associates,

       Defendant.

_____

Richard Jensen, for Plaintiff.
Thomas Shroyer, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 27,

2005, on Defendant's Motion to Dismiss Count III of the Amended Complaint [#23].  The matter

was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and

Local Rule 72.1(c).  For the reasons which follow, this Court recommends Defendant's Motion be

denied.

## I.  BACKGROUND

Christian Brothers, Inc. ("CBI") was a manufacturer and distributor of hockey equipment

and related products.  (Amended Complaint at ¶ 7).  Among other things, CBI manufactured hockey

stick components, including the blades for hockey sticks.

In September 1997, Plaintiff Associated Commercial Finance ("ACF") entered into a loan

agreement whereby it extended to CBI a revolving line of credit up to $2,750,000 ("Loan

Agreement").  (Id. at ¶ 10).  The Loan Agreement contained several covenants with which CBI

needed to comply to maintain the lending relationship.  The terms included the requirement that CBI

maintain a specified net worth and "borrowing base." To secure its obligations, CBI granted to ACF a security interest in all CBI's personal property, including all accounts, equipment, inventory, and general intangibles ("Collateral"). (Id. at ¶ 11).

At all relevant times, Defendant Brady Martz & Associates, P.C. ("BMA"), provided auditing services to CBI. (Id. at ¶¶ 12; 37). In that role, BMA checked CBI's inventory and financial statements for the year ending December 31, 1998. (Id. at ¶ 19). In 1998, BMA counted CBI's inventory and found that CBI had $667,128 in hockey blade inventory. (Id. at ¶ 23). BMA issued its audit report during the first quarter of 1999 and expressed that CBI had fairly presented its inventory in the amount of $2,547,120 in its year-end financial statements in conformance with generally accepted accounting principles ("GAAP"). (Id. at ¶ 19).

During fiscal year 1999, BMA suggested to CBI that it should sell off some of their hockey blade inventory to improve their cash flow position. During this process of inventory reduction, CBI discovered that its inventory stock of hockey blades did not accord with the numbers stated in their financial statements. (Id. at ¶¶ 31-32).

Throughout 1999, BMA made additional representations to ACF regarding CBI's financial condition. (Id. at ¶ 45). BMA assisted CBI in preparing "Borrowing Base Certificates" that were submitted to ACF. (Id. at ¶¶ 18; 24). BMA's representative, Peter Hoistad, also represented to ACF that CBI's reporting of the inventory was true and accurate. (Id. at ¶¶ 18; 30).

ACF alleges that, as least as early as December 1999, BMA knew that the financial information, including the overstatement of CBI's inventory value, that it had provided to ACF was false and misleading. (Id. at ¶ 51). On March 2, 2000, BMA disclosed to ACF that CBI's inventory was overstated. (Id. ¶ 45e). Even then, ACF alleges, BMA did not disclose the full extent of the

inventory overstatement.

ACF alleges that BMA's representations, including those concerning the value of CBI's inventory, were false and misleading. (Id.). It alleges the inventory value was overstated by an amount in excess of $1,000,000. (Id. at ¶ 24). It alleges that BMA had an affirmative duty to disclose the correct information to ACF, but that BMA failed to comply with this duty. (Id. at ¶ 52). ACF further alleges that BMA intended ACF to act in reliance on BMA's misrepresentations. (Id. at ¶ 53). It alleges it did rely on BMA's misrepresentations by continuing to extend credit to CBI and failing to assert its rights and remedies under the Loan Agreement, including failing to take steps to protect its Collateral. (Id. at ¶¶ 17, 18, 26-30, 46, 53).

In Counts I and II of the Amended Complaint, ACF asserts claims of professional malpractice and negligent misrepresentation. In Count III, ACF asserts a claim of fraudulent misrepresentation. BMA moves to dismiss Count III for failure to state a claim upon which relief can be granted. In the alternative, BMA argues that Count III should be dismissed because ACF has failed to plead fraud with particularity under Federal Rule of Civil Procedure 9(b).

## II.  LEGAL ANALYSIS

### A.      Standard of Review

Defendant moves to dismiss Count III of the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint

liberally and afford the plaintiff all reasonable inferences to be drawn from those facts.  See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

### B.     ACF Has Sufficiently Alleged the Elements of Fraud

BMA first argues that Count III, ACF's allegation of fraud, must be dismissed as a matter of law because ACF has failed to allege the requisite elements.  Under Minnesota law, the elements of fraud include: 1) a false representation of a material fact; 2) knowledge of the falsity of the representation or assertion of the material fact as true without knowledge of whether it was true or false; 3) intent to induce reliance; 4) actual reliance; and 5) damages as proximate cause of the misrepresentation.  Evertz v. Aspen Med. Group, 169 F.Supp.2d 1027, 1030 (D. Minn. 2001); see also Atcas v. Credit Clearing Corp. of America, 292 Minn. 334, 197 N.W.2d 448 (1972) (fraud is properly pled if the complaint alleges the elements of intent, inducement, reliance, and damages).  Here, BMA argues that ACF's claim of fraud fails because the Complaint does not contain allegations of the elements of knowledge and damages.

### 1.     Knowledge

BMA argues that ACF failed to allege that BMA made material representations with knowledge of their falsity.  BMA argues that the Complaint includes no allegations that at the time

BMA issued its auditors' report BMA knew the inventory balances were false, or even that BMA made the representations without knowing whether they were true or false.  The Court disagrees and finds ACF's allegations of knowledge sufficient.  In its Amended Complaint, ACF alleges that "BMA made...material misrepresentations...knowing them to be false, or in the alternative, BMA made the misrepresentations as of its own knowledge without knowing whether they were true or false."  Amended Complaint ¶ 49.

ACF further alleges that BMA knowingly concealed facts from ACF despite the fact that BMA had an affirmative duty to disclose that the inventory value provided to ACF was inaccurate. Id. at ¶ 50. A claim of fraud encompasses theories of fraudulent misrepresentation, fraudulent concealment, and fraudulent inducement.  See Iverson v. Johnson Gas Appliance, 172 F.3d 524, 529 (8th Cir. 1999) citing In re TMJ Litigation, 113 F.3d 1484, 1497 (8th Cir. 1997).  A fraudulent misrepresentation claim may rely on either an affirmative statement or the failure to disclose certain facts rendering those disclosed misleading.  Id., citing M.H. v. Caritas Family Services, 488 N.W.2d 282, 289 (Minn. 1992).

ACF has alleged that BMA made material representations with knowledge of their falsity or in disregard of their truth, and that BMA knowingly concealed facts from ACF.  ACF has sufficiently pleaded the element of knowledge for its claim of fraud.

## 2.     Damages

BMA also argues that ACF's Complaint is fatally deficient concerning the element of damages.  The Complaint alleges that BMA's overstatement of CBI's inventory was the direct and proximate cause of ACF's damages.  ACF alleges that if it had been properly informed of the inventory in 1998, it would have taken steps to enforce its rights under the Loan Agreement and

protect its Collateral.  <u>See</u> Amended Complaint at ¶¶28; 53.  BMA argues that ACF's allegations

of damages are unsupportable because, even though ACF learned of the overstatement in early 2000,

the lending relationship between ACF and CBI lasted until late 2001.  <u>See</u> BMA's Mem. p. 6, citing

Complaint ¶ 34; Ex. C.  BMA argues that because ACF did not consider the inventory statement to

be an event that necessitated the termination of the lending relationship, ACF cannot allege that the

overstatement caused any damages they suffered.  <u>See</u> <u>id.</u>

       As ACF contends, BMA's argument is misplaced.  ACF alleges that it suffered damages as

a result of BMA's fraudulent actions.  Though ACF may be unable to prove it suffered damages at

trial, its allegations of damages are sufficient for Rule 12 purposes.  <u>See</u> <u>Hafley v. Lohman</u>, 90 F.3d

264, 267 (8th Cir. 1996) (whether a plaintiff will prevail at trial is irrelevant to a Rule 12(b)(6)

motion).  The fact that BMA finds evidence in the Complaint to refute ACF's allegations of damages

does not persuade the Court to find that ACF's claim fails as a matter of law.

       ACF has alleged the requisite elements of a claim of fraud, including that BMA made

material misrepresentations with knowledge of their falsity and knowingly concealed material facts,

and that ACF suffered damages as a result.  BMA's motion to dismiss Count III for failure to state

a claim should be denied.

       **C.     ACF Has Pleaded its Claim of Fraud with Sufficient Particularity**

       BMA also moves to dismiss Count III because ACF failed to plead fraud with particularity

under Federal Rule of Civil Procedure 9(b).  Rule 9(b) directs that the elements of fraud must be

pleaded with particularity.  The requirements of Rule 9, however, must be interpreted "in harmony

with the principles of notice pleading."  <u>Abels v. Farmers Commodities Corp.</u>, 259 F.3d 910, 920

(8th Cir. 2001) (citations omitted).  The special nature of fraud does not necessitate anything other

than notice of the claim; it simply necessitates a higher degree of notice.  Id.  Because one of the main purposes of the rule is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.  Commercial Property Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995).  Thus, a plaintiff must specifically allege the circumstances constituting fraud, including the time, place, and contents of false representations, the identify of the person making the misrepresentation, and what was obtained or given up thereby.  Abels, 259 F.3d at 920, citing Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982).  The heightened pleading standards for claims of fraud do not abrogate the general rule that the pleadings be construed in a light most favorable to the pleader and that the facts asserted be accepted as true.  In re Andor Communications, Inc., 22 F. Supp. 2d 999, 1003 (D. Minn. 1998).

Here, BMA argues that ACF has failed to plead the elements of fraud with sufficient particularity.  It argues that ACF has not alleged that BMA fraudulently prepared and certified inaccurate financial statements, or that BMA had motive to perpetuate any fraud.  BMA argues that the Complaint fails to allege the date when BMA discovered the inventory overstatement in relation to when it represented that the inventory statements were correct.  Def. Mem. p. 7-8.  It argues that the Complaint fails to state that BMA made any misstatements with the knowledge that they were false.

The Court disagrees, and finds that ACF has sufficiently plead the particulars of its fraud claim.  ACF alleges that throughout 1999, BMA represented that CBI's inventory levels, as stated in CBI's financial statements and Borrowing Base certificates, were accurate; that as early as December 1999, BMA knew that the financial information, including the overstatement of inventory

value it previously provided to ACF, was false; and that BMA failed to disclose the overstatement until March 2000. <u>See</u> Amended Complaint at ¶¶ 45e; 51. The Complaint further states that BMA actively concealed the overstatements by directing CBI to increase the cost of goods sold in January and February 2000. <u>Id.</u> at ¶ 45f. ACF also unequivocally alleges that BMA had an affirmative duty to disclose the inventory overstatement to correct the false information upon which ACF was relying, and because BMA had special knowledge of the material facts concerning the inventory value to which ACF did not have access. <u>Id.</u> at ¶ 50. ACF alleges that BMA had knowledge of the misstatements and that its failure to correct the misstatements constituted fraud.

These allegations set forth the circumstances constituting BMA's alleged misrepresentations or fraudulent concealment and sufficiently allow BMA to respond and prepare a defense to ACF's claim. The Complaint satisfies the particularity requirement of Rule 9, and BMA's motion to dismiss for failure to state a claim should be denied.

## III.  RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Count III of the Amended Complaint [#23] be **DENIED.**

DATED: July 13, 2005                     s/ *Franklin L. Noel*
                                         FRANKLIN L. NOEL
                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 1, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages.

A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 1, 2005** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.